**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| The Jellyvision Lab, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:26-cv-4341 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Apriora Inc., d/b/a Alex, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, The Jellyvision Lab, Inc. ("*Plaintiff*" or "*Jellyvision*"), by and through its attorneys, for its Complaint against Defendant Apriora Inc., d/b/a Alex ("*Defendant*" or "*Apriora*"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for infringement of Jellyvision's federally-registered ALEX trademark under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of Illinois, all arising from Defendant's unauthorized use of the mark ALEX in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendant's artificial intelligence as a service (AIAAS) services for interviewing jobseekers.

2.      Plaintiff Jellyvision is a leader in benefits engagement and is a leading provider of benefits decision support software.

3. At the heart of Plaintiff Jellyvision's services is ALEX, an interactive human resources tool that has individualized conversations with employees to determine employees' needs and goals and ultimately helps employees make decisions regarding their benefits instead of the human resources team.

4. Similarly, at the heart of Defendant Apriora's services is an AI interviewer tool, also named "Alex," who conducts first round interviews for the human resources team.

5. Plaintiff's and Defendant's services overlap and compete.

6. Defendant's ALEX mark is identical to Plaintiff's ALEX mark.

7. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and 15 U.S.C. § 1121, as this action arises under the Lanham Act.

9. This Court has supplemental jurisdiction over Jellyvision's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in the district. Further, the injuries alleged herein from Defendant's infringement of Plaintiff's ALEX mark occurred in this district.

## THE PARTIES

11. The Jellyvision Lab, Inc. is a Delaware corporation with its principal place of business at 20 North Wacker Drive, Chicago, IL 60606.

12. Upon information and belief, Apriora Inc., d/b/a Alex is a Delaware corporation with its principal place of business at 625 3rd Street, Suite 400, San Francisco, CA 94107.

## FACTS

A. Plaintiff and Its ALEX Mark

13. Since at least 2011, Jellyvision has used the ALEX mark in connection with employee benefits services. ALEX by Jellyvision is a benefits decision support software that combines behavioral science, claims data, and empathy to deliver truly personalized guidance.

14. ALEX is a human resources tool that has individualized conversations with employees to determine employees' needs and financial goals and ultimately helps employees make decisions regarding their benefits. It is a tool that is available 24/7, year-round.

15. ALEX provides answers to employees regarding, for example, open enrollment, voluntary benefits, and retirement planning, reducing the workload for the human resources and benefits teams.

16. ALEX supports 7.4 million employees.

17. Eighty-five percent of employees say that ALEX gave them a better understanding of their benefits.

18. ALEX saves human resources departments time and allows them to focus on more substantial work.

19. Building on its services, ALEX HOME is an AI-powered benefits platform that features an AI chatbot to provide another avenue for employees to ask questions and receive personalized guidance.

20. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 4,193,434 on the Principal Register in the United States Patent and Trademark Office for ALEX (hereinafter "ALEX Mark") for "Providing information in the field of employee financial benefit plans" in Class 36 and "Education services, namely, providing on-line tutoring in the field of employee benefits" in Class 41, which has become incontestable within the meaning of Section

15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Plaintiff's United States Trademark Registration No. 4,193,434, which was issued by the United States Patent and Trademark Office on August 21, 2012 and became incontestible as of February 13, 2018.

21. Plaintiff also owns U.S. Application Serial No. 97/735,223 for the mark ALEX HOME in Class 42 for "Providing temporary use of online non-downloadable chatbot software using artificial intelligence (AI) for use by employees to make decisions regarding financial wellness, health insurance, retirement savings and other employee benefits, e.g. replying to questions from employees related to employer benefits; Software as a service (SAAS) services featuring software using artificial intelligence (AI) for use by employees to make decisions regarding financial wellness, health insurance, retirement savings and other employee benefits, e.g. replying to questions from employees related to employer benefits."

22. Plaintiff has used the ALEX Mark in commerce throughout the United States continuously since September 29, 2011 in connection with the marketing, advertising, promotion, offering for sale, and sale of employee benefits services.

23. Plaintiff has used the mark ALEX HOME in commerce throughout the United States continuously since January 13, 2026 in connection with marketing, advertising, promotion, offering for sale, and the sale of the employee benefits platform.

24. As a result of its widespread, continuous, and exclusive use of the ALEX Mark to identify its employee benefits services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the ALEX Mark.

25. Plaintiff's ALEX Mark is distinctive to both the consuming public and Plaintiff's trade.

26. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its employee benefits services sold under the ALEX Mark, including in earned and paid media, social media, Internet, and trade shows.

27. Plaintiff sells its employee benefits services under the ALEX Mark through its website and sales team as well as brokers, carriers, and benefit administrators.

28. Since 2011, Jellyvision has sold services to over 5,000 organizations under the ALEX Mark and has been incredibly profitable in the market.

29. Plaintiff offers and sells its employee benefits services under its ALEX Mark to business organizations.

30. Plaintiff's ALEX Mark and its employee benefits services offered thereunder have received significant unsolicited coverage in various media, including Business Insider, Chicago Tribune, Built in Chicago, and Kiplinger.

31. The employee benefits services Plaintiff offers under the ALEX Mark are of high quality, and its services have been recognized as such, including the Brandon Hall Group Technology Excellence Award, the Shortlister Top Vendor Award for Benefits Decision Support, and a Chicago Innovation Award.

32. As a result of Plaintiff's expenditures and efforts, the ALEX Mark has come to signify the high quality of its employee benefits services, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B. Defendant's Unlawful Activities

33. Plaintiff recently became aware of Defendant and its "AI recruiter," inasmuch as Defendant's "AI recruiter" is marketed under and in connection with the ALEX mark.

34. Upon information and belief, Apriora rebranded from "Apriora" to "Alex" in 2024.

35. Plaintiff also recently learned that Apriora's recently received a federal registration (U.S. Reg. No. 8,174,910) of the ALEX mark in Class 42 for "Providing a web site featuring technology that enables recruiters and hiring managers to manage the entire candidate attraction and selection process, including administration of back ground checks, assessments and skills tests, as well as compiling data that facilitates the continuous improvement of the process; Artificial intelligence as a service (AIAAS) services featuring software using artificial intelligence (AI) for interviewing, screening, and recruiting jobseekers" with a claimed date of first use of January 1, 2024.

36. Plaintiff has priority in the ALEX Mark.

37. Upon information and belief, Defendant offers for sale an interactive platform for recruiting and staffing services.

38. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its ALEX Mark, Defendant adopted and began using a mark identical to Plaintiff's ALEX Mark (hereinafter, the "Infringing Mark") in U.S. commerce.

39. The Infringing Mark adopted and used by Defendant is identical to Plaintiff's ALEX Mark.

40. Upon information and belief, Defendant has been engaged in the advertising, promotion, offering for sale, and the sale of recruiting services using the Infringing Mark throughout the U.S., including in this District.

41. Upon information and belief, Defendant currently provides services using the Infringing Mark to consumers in Illinois and this District.

42.     There is no question that Jellyvision's and Apriora's services overlap and compete. For example, both Jellyvision and Apriora provide business organizations with an interactive platform intended to reduce the workload of the human resources department.

43.     Upon information and belief, Defendant's "Alex," conducts first round interviews with jobseekers, performing work that would otherwise be performed by Defendant's clients' human resources department. Defendant's "Alex" provides "personalized" conversations, summaries of documents and discussions, break down of information, and customized guidance.

44.     Similarly, Plaintiff utilizes an interactive platform called ALEX that has personalized conversations with Plaintiff's customer's employees to help them make benefit-related decisions; conversations that would otherwise be handled by the HR department. Similar to Defendant's "Alex," Plaintiff's ALEX delivers personalized help, breaking down information, summarizing discussions, listing items from notes, and providing customized guidance. Defendant's ALEX is intended to "reduce[] complex administrative burden" for "[o]nboarding, offboarding, and everything in between."

45.     Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, and sold its recruitment services under the Infringing Mark through at least its website and sales team.

46.     Upon information and belief, Defendant has marketed, advertised, and promoted its recruitment services under the Infringing Mark through earned and paid media, including Business Insider, and the Internet.

47.     Upon information and belief, Defendant offers and sells its recruitment services under the Infringing Mark to business organizations.

48.     Plaintiff's counsel sent Defendant cease and desist letters objecting to Defendant's use of the Infringing Mark. However, as of the filing date of this Complaint, Defendant has not undertaken the demands set out in Plaintiff's counsel's cease and desist letters.

49.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's recruitment services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's recruitment services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

50.     Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's ALEX Mark and cause confusion and deception in the marketplace.

51.     Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

52.     Jellyvision incorporates by reference all the forgoing paragraphs of this Complaint as if fully rewritten herein.

53.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's recruitment services, and is likely to cause consumers to believe, contrary to fact, that Defendant's recruitment services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's use therefore constitutes

infringement of Plaintiff's ALEX trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the ALEX Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

55. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

56. Upon information and belief, Defendant has received substantial revenues and profits as a result of its unlawful conduct, to which Plaintiff is entitled, and Plaintiff has also suffered damages as a result of such unlawful conduct, for which Defendant is responsible.

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

58. Defendant will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT II

### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))

59. Jellyvision incorporates by reference all the forgoing paragraphs of this Complaint as if fully rewritten herein.

60. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's recruitment services, and is likely to cause consumers to believe, contrary to fact, that Defendant's

recruitment services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

61. Defendant's distribution, advertising, marketing, and promotion of its Alex platform constitutes use of a false designation of origin and misleading description and representation of fact that Defendant's Alex product originates from or is authorized by, or is otherwise associated with, Plaintiff, when in fact it is not.

62. Upon information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith with the intent to cause confusion, mistake, and deception.

63. By the acts alleged herein, Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

64. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

65. Upon information and belief, Defendant has received substantial revenues and profits as a result of its unlawful conduct, to which Plaintiff is entitled, and Plaintiff has also suffered damages as a result of such unlawful conduct, for which Defendant is responsible.

66. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER ILLINOIS COMMON LAW

67.     Jellyvision incorporates by reference the forgoing paragraphs of this Complaint as if fully rewritten herein.

68.     Plaintiff owns valid and subsisting common law trademark rights to the ALEX Mark for a variety of services, including employee benefits services.

69.     As alleged herein, Plaintiff has expended substantial time, skill, labor, and money in the creation and marketing of its employee benefits services under the ALEX Mark in Illinois and providing such services under the ALEX Mark in Illinois and has therefore acquired legally protectable rights in the ALEX Mark.

70.     Through its unauthorized use of, advertising, and offering of services under the Infringing Mark as alleged herein, including in Illinois, Defendant has unfairly traded on and misappropriated the goodwill and reputation created and developed by Plaintiff in the ALEX Mark.

71.     As alleged herein, Defendant, without authorization, falsely and deceptively used the Infringing Mark in Illinois to advertise and provide its own services, in violation of Plaintiff's rights under Illinois common law.

72.     Defendant's unauthorized use of the Infringing Mark as alleged herein has caused and is likely to continue to cause confusion and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff, all in violation of Plaintiff's rights under Illinois common law.

73. Upon information and belief, Defendant's acts as alleged herein were committed with full knowledge of Plaintiff's prior rights in the ALEX Mark, willfully, deliberately, and in bad faith.

74. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

75. Plaintiff is entitled to injunctive relief, actual and compensatory damages in an amount to be determined at trial, disgorgement of profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV

### DECEPTIVE TRADE PRACTICES UNDER 815 ILCS 505/1 TO 505/12

76. Jellyvision incorporates by reference the forgoing paragraphs of this Complaint as if fully rewritten herein.

77. Defendant's unauthorized use of the Infringing Mark as alleged herein, including in Illinois, has the capacity to deceive and is deceiving the public as to the source or sponsorship of Defendant's services. As a result, the public has been and will continue to be damaged.

78. Defendant's conduct alleged herein constitutes deceptive acts or practices in the conduct of a business, trade or commerce, or the furnishing of a service, in violation of the Illinois' Uniform Deceptive Trade Practices Act (815 ILCS 510/2(a)).

79. Upon information and belief, Defendant's conduct alleged herein was willful.

80. Defendant's conduct is causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

81. Plaintiff is entitled to injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment in its favor as follows:

a.      That Defendant be adjudged to have willfully infringed Plaintiff's federal trademark rights in the ALEX mark conveyed by U.S. Trademark Registration No. 4,193,434 and in violation of Lanham Act § 32(1), 15 U.S.C. § 1114;

b.      That Defendant be adjudged to have willfully infringed the ALEX trademark, with full knowledge of Plaintiff's rights in the ALEX trademark;

c.      That Defendant be adjudged to have engaged in federal unfair competition, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a);

d.      That Defendant be adjudged to have engaged in trademark infringement and unfair competition under Illinois common law;

e.      That Defendant be adjudged to have engaged in deceptive trade practices, in violation of Illinois' Uniform Deceptive Trade Practices Act: 815 ILCS 510/1 to 510/7;

f.      That, pursuant to 15 U.S.C. § 1116, the Court preliminarily and permanently enjoins Defendant, its agents, employees, attorneys and all persons in active concert or participation with them, from directly or indirectly using the ALEX mark or any other mark, trade name, word or name similar to the ALEX mark that is likely to cause confusion, mistake, or to deceive, including without limitation by further operating any business under Alex or any similar variation thereof;

g.      That Defendant be required to formally abandon and/or cancel with prejudice any and all applications or registrations for the ALEX mark or any mark consisting of, incorporating, or containing the ALEX mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof (including a sound-alike version) on any state or federal trademark registry;

- 13 -

h.      That Defendant be enjoined from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the ALEX mark or any other mark that infringes or is likely to be confused with Plaintiff's ALEX mark, or any goods or services of Plaintiff, or Plaintiff as their source;

i.      That Defendant be ordered to permanently cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark ALEX or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's ALEX mark, and to direct all individuals and establishments wherever located in the United States that advertise, promote, sell, or offer for sale Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, , advertisements, signs, displays, and other materials featuring or bearing the mark ALEX or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's ALEX mark, and to immediately remove them from public access and view;

j.      Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of U.S. Reg. No. 8,174,910 and any and all other federal registrations for the mark ALEX or any mark consisting of, incorporating, or containing Plaintiff's ALEX mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendant;

k.      That Defendant be ordered to transfer its domain name registration to Plaintiff;

- 14 -

l. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's employee benefits services;

m. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

n. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

o. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

p. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

q. That, pursuant to 15 U.S.C. § 1117(a), that the Court declare this an exceptional case and award Plaintiff its costs and reasonable attorneys' fees;

r. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums; and

s. That the Court grant such other and further relief as is just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: April 17, 2026                        Respectfully submitted,

                                            */s/ Laura M. Schaefer*

Laura M. Schaefer (ARDC #6321447)
Lauren Eiten (ARDC #6342079)
Emily Wilbur (ARDC #6280908)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192
lschaefer@beneschlaw.com
leiten@beneschlaw.com
ewilbur@beneschlaw.com

*Attorneys for Plaintiff*
*The Jellyvision Lab, Inc.*

- 16 -